UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN TYRONE IZAL HAIRSTON, CDCR No. BF-2040,<br><br>                                    Plaintiff,<br>vs.<br><br>K. JUAREZ, Correctional Officer,<br><br>                                    Defendant. | Case No. 22-cv-01801-BAS-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 3]**<br><br>**(2) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)** |

Plaintiff Kevin Tyrone Izal Hairston, proceeding *pro se* and currently housed at California State Prison, Sacramento (SAC), filed a civil rights action pursuant to 42 U.S.C. § 1983 on November 14, 2022. (Compl., ECF No. 1.) Initially, Plaintiff failed to prepay the civil filing fee or file a Motion to Proceed in Forma Pauperis ("IFP"), and so the Court dismissed this case without prejudice. (ECF No. 2.) Plaintiff subsequently filed the IFP Motion now before the Court. (Mot., ECF No. 3.) In addition, the Court screens the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

/ / /

## II. Motion for Leave to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report as well as a Prison Certificate completed by an accounting officer at SAC. (*See* Mot. 4–6) These statements show Plaintiff has carried an average monthly balance of $219.34, had an average monthly deposit of $109.67 over the 6-month period

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

immediately preceding the filing of his Complaint, and had an available balance on the books of $274.58 at the time of filing. (*Id.* at 4–6.)

Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP (ECF No. 3) and assesses an initial partial filing fee of $43.87 pursuant to 28 U.S.C. § 1915(b)(1). However, this initial fee shall not be collected if insufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). The remaining balance of the $350 total fee owed in this case must be collected by the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or any subsequent agency having custody of Plaintiff, and forwarded to the Clerk of the Court pursuant to the installment payment provisions set out in 28 U.S.C. § 1915(b)(2).

**II.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

The Prison Litigation Reform Act requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," at the time of filing or "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2), 1915A.

Screening requires the Court to dismiss *sua sponte* a complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences in favor of the nonmoving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Here, Plaintiff alleges that he was involved in an "incident" while he was incarcerated at SAC.[2] (Compl. 2, ECF No. 1.) After the incident was over and Plaintiff was in waist restraints on the ground, Defendant hit Plaintiff in the head and face five to six times and pepper sprayed him. (*Id.* at 2–5.) Plaintiff was then left in a cell for forty to forty-five minutes during which time he was unable to breathe and suffering the effects of the pepper spray. (*Id.* at 3.) Plaintiff yelled to the corrections officers that he could not breathe and asked to be put in the shower. (*Id.* at 3–4.) Eventually, he was taken to a decontamination area. (*Id.*) When Plaintiff told Defendant he was going to file a grievance

---

[2] The facts are all taken from the Complaint (Compl., ECF No. 1). For the purposes of screening, the Court accepts all of Plaintiff's factual allegations as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1  regarding the unnecessary use of force, Defendant "threatened future retaliation." (*Id.* at 3, 5.)

The Court finds Plaintiff's Complaint alleges a plausible excessive force claim against Defendant sufficient to survive the "low threshold" set for screening as required by 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Wilhelm*, 680 F.3d at 1123. "[U]nnecessary and wanton infliction of pain" violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). In the context of prison officials who are alleged to have used excessive physical force in violation of the Eighth Amendment, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6–7. Courts have found that beating a prisoner who is incapacitated by restraints belies good faith. *See Carrasco v. Cababe*, No. 1:19-cv-00724-LJO-JDP, 2019 WL 6170118, at *2 (E.D. Cal. Nov. 20, 2019) (finding allegations that defendants beat plaintiff without justification while he was restrained sufficient to state an excessive force claim); *Lees v. Singsong*, No. 19-cv-01603-HSG, 2021 WL 1925728, at *2 (N.D. Cal. 2021) (same). Here, Plaintiff alleges that while he was in waist chain restraints, Defendant hit him in the head and face and pepper sprayed him. Thus, making reasonable inferences in Plaintiff's favor, the Court finds the Complaint sufficiently alleges Defendant did not act in good faith to maintain discipline, but rather acted "maliciously and sadistically to cause harm." *See Hudson*, 503 U.S. at 5.

Plaintiff's First Amendment retaliation claim, however, does not survive screening. "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison*, 668 F.3d at 1114 (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d

at 567–68. Plaintiff alleges Defendant "threaten[ed] future retaliation after Plaintiff informed him that he will pursue a prison grievance complaining about the unnecessary use of force." (Compl. at 5.) A mere threat can constitute an adverse action. *See Brodheim*, 584 F.3d at 1269–70. But Plaintiff's allegations are conclusory and not specific enough to plausibly allege a retaliation claim. Stating Defendant "threaten[ed] Plaintiff with future retaliation" merely parrots the wording of the claim. The Complaint lacks factual allegations as to (1) what actions Defendant threatened to undertake or what words Defendant used and (2) how those threats chilled Plaintiff's First Amendment rights. (*See generally* Compl.) Accordingly, the Complaint fails to state a First Amendment retaliation claim and cannot survive screening under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

## IV.  CONCLUSION

Based on the foregoing, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

2) **DIRECTS** the Secretary of the CDCR, or their designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4) **DISMISSES** Plaintiff's First Amendment retaliation claim *sua sponte* for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

5) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to either: (1) file a Notice of Intent to Proceed with only his Eighth Amendment

claim against Defendant Juarez only; or (2) file an Amended Complaint correcting the deficiencies of pleading identified in this Order.

If Plaintiff chooses to proceed with only his Eighth Amendment claim against Defendant Juarez, the Court will issue an Order directing the U.S. Marshal to effect service of his Complaint on Defendant Juarez and dismissing the remaining First Amendment retaliation claim.

If Plaintiff chooses to file an amended pleading correcting the deficiencies outlined in this Order, *his Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived.* See CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be considered "waived if not repled"). Plaintiff's Amended Complaint must be entitled "First Amended Complaint," contain "S.D. Cal. Civil Case No. 22-cv-01801-BAS-WVG" in its caption, and comply both with Fed. R. Civ. P. 8 and with S.D. Cal. CivLR 8.2(a).

6) In order to assist Plaintiff in complying with these requirements, the Court further **DIRECTS** the Clerk of the Court to provide Plaintiff with (1) a blank copy of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 and (2) a copy of his Complaint (ECF No. 1) for his use and convenience should he choose to amend.

**IT IS SO ORDERED.**

**DATED: March 10, 2023**

Hon. Cynthia Bashant
United States District Judge