UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN TYRONE IZAL HAIRSTON, CDCR No. BF-2040,<br><br>Plaintiff,<br><br>vs.<br><br>K. JUAREZ, Correctional Officer,<br><br>Defendant. | Case No. 22-cv-01801-BAS-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO ACCEPT LATE FILING (ECF No. 7);**<br><br>**(2) SCREENING AMENDED COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b); AND**<br><br>**(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF AMENDED COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

Plaintiff Kevin Tyrone Izal Hairston, proceeding *pro se* and currently housed at California State Prison, Sacramento (SAC), filed a civil rights action pursuant to 42 U.S.C. § 1983 on November 14, 2022. (Compl., ECF No. 1.) Before the Court is Plaintiff's Motion to Accept Late Filing. (ECF No. 7.) Based on the filings, the Court **GRANTS** Plaintiff's

Motion. In addition, the Court screens the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) and directs the United States Marshal Service ("USMS") to effect service on Defendant.

## I. Background

Plaintiff alleges that he was involved in an "incident" while he was incarcerated at SAC.[1] (Am. Compl. 3, ECF No. 8.) After the incident was over and Plaintiff was in waist restraints on the ground, Defendant hit Plaintiff in the head and face five to six times and pepper sprayed him. (*Id.*) Plaintiff was then left in a cell for forty to forty-five minutes during which time he was unable to breathe and suffering the effects of the pepper spray. (*Id.*) Plaintiff yelled to the corrections officers that he could not breathe and asked to be put in the shower. (*Id.*) Eventually, he was taken to a decontamination area. (*Id.*)

Plaintiff filed this action on November 14, 2022. (ECF No. 1.) He subsequently moved for leave to proceed *in forma pauperis* (ECF No. 3), which the Court granted (ECF No. 4). The Court also screened his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) and found the Complaint states an Eighth Amendment excessive force claim but fails to state a First Amendment retaliation claim. (*Id.*) The Court explained that Plaintiff could choose to either proceed with only his Eighth Amendment claim or file an Amended Complaint curing the deficiencies outlined in the Court's March 10, 2023 Order. (*Id.*)

On May 19, 2023, Plaintiff filed a document entitled "Notice of Intent," informing the Court he wished to proceed with his Eighth Amendment claim. (ECF No. 6.) He also filed a document entitled "Motion on Missing Deadline," explaining why his Amended Complaint was late. (ECF No. 7.) He then filed his Amended Complaint, which alleges only an Eighth Amendment claim. (ECF No. 8.)

---

[1] The facts are all taken from the Complaint (Am. Compl., ECF No. 8). For the purposes of screening, the Court accepts all of Plaintiff's factual allegations as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. Motion to Accept Late Filing

When a party misses a filing deadline, the court "may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Here, Plaintiff asserts that he sent his Amended Complaint to the Clerk of Court, and it was returned undeliverable months later. (ECF No. 7.) The Court finds this to be excusable neglect and retroactively extends Plaintiff's time to file his Amended Complaint.

## III. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

The Court next screens Plaintiff's Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Prison Litigation Reform Act requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," at the time of filing or "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2), 1915A.

Screening requires the Court to dismiss *sua sponte* a complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard

applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences in favor of the nonmoving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The Court reiterates the reasoning in its March 10, 2023 Order and finds Plaintiff's Complaint alleges a plausible excessive force claim against Defendant sufficient to survive the "low threshold" set for screening as required by 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Wilhelm*, 680 F.3d at 1123. "[U]nnecessary and wanton infliction of pain" violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). In the context of prison officials who are alleged to have used excessive physical force in violation of the Eighth Amendment, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6–7. Courts have found that beating a prisoner who is incapacitated by restraints belies good faith. *See Carrasco v. Cababe*, No. 1:19-cv-00724-LJO-JDP, 2019 WL 6170118, at *2 (E.D. Cal. Nov. 20, 2019) (finding allegations that defendants beat plaintiff without justification while he was restrained sufficient to state an excessive force claim); *Lees v. Singsong*, No. 19-cv-01603-HSG, 2021 WL 1925728, at *2 (N.D. Cal. 2021) (same). Here, Plaintiff alleges that while he was in waist chain restraints, Defendant hit him in the head and face and pepper sprayed him. Thus, making reasonable inferences in Plaintiff's favor, the Court finds the Complaint

sufficiently alleges Defendant did not act in good faith to maintain discipline, but rather acted "maliciously and sadistically to cause harm." *See Hudson*, 503 U.S. at 5.

## IV.   CONCLUSION

Based on the foregoing, the Court:

(1)   **DIRECTS** the Clerk to issue a summons as to Plaintiff's Amended Complaint (ECF No. 8) and forward it to Plaintiff along with a blank U.S. Marshal ("USM") Form 285 for Defendant Juarez. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Amended Complaint, and the summons so that he may serve the Defendant. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, *include an address where the Defendant may be found and/or subject to service*, and return it to the USMS according to the instructions the Clerk provides in the letter accompanying his IFP package.

(2)   **ORDERS** the USMS to serve a copy of the Amended Complaint (ECF No. 8), summons, and request for waiver of personal service upon Defendant Juarez as directed by Plaintiff on the USM Form 285. Should the Defendant fail to return the USMS's request for waiver of personal service, the USMS shall instead file the completed Form USM 285 Process Receipt and Return with the Clerk of Court, include the date the summons, Amended Complaint, and request for waiver that was mailed to the Defendant, and note that service upon that party remains unexecuted. All costs of USMS will be advanced by the United States; however, if the Defendant is located within the United States and fails, without good cause, to sign and return the waiver requested by the USMS on behalf of Plaintiff, the Court will impose upon the Defendant any expenses later incurred in making personal service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3), (d)(2).

(3)   **ORDERS** Defendant Juarez, once served, to reply to Plaintiff's Amended Complaint, *and any subsequent pleading Plaintiff may file in this matter in which he is named as a party*, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2).

1       (4)     **ORDERS** Plaintiff, after service has been effected by the USMS, to serve upon Defendant Juarez, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document was served on Defendant or his counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2.

**IT IS SO ORDERED.**

**DATED: June 7, 2023**

*Cynthia Bashant*
Hon. Cynthia Bashant
United States District Judge