UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN TYRONE IZAL HAIRSTON,<br><br>                   Plaintiff,<br><br>v.<br><br>K. JUAREZ,<br><br>                   Defendant. | Case No.: 3:22-cv-01801-BAS-VET<br><br>**ORDER GRANTING DEFENDANT'S EX PARTE MOTION FOR LEAVE TO DEPOSE PLAINTIFF**<br><br>**[Doc. No. 38]** |

Before the Court is Defendant's Ex Parte Motion for Leave to Depose Plaintiff ("Motion"), an incarcerated person. Doc. No. 38. Defendant seeks an order permitting him to depose Plaintiff Kevin Tyrone Izal Hairston, CDCR No. BF2040, an inmate in custody and currently housed at the California State Prison – Sacramento. Doc. No. 38 at 1. In support of his request, Defendant contends Plaintiff's deposition is necessary to "continue to investigate Plaintiff's claims." *Id*. at 2. On September 20, 2024, the Court entered an order giving Plaintiff until October 4, 2024 to file a response to Defendant's Motion. Doc. No. 39. Plaintiff did not file a response.

Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), a party seeking to depose an incarcerated witness must obtain leave of court. Fed. R. Civ. P. 30(a)(2)(B). The Court

must grant leave to the extent the request is consistent with Rule 26(b)(1), which defines the scope of discovery, and (b)(2), which allows a court to limit discovery under some circumstances. Fed. R. Civ. P. 30(a)(2); *see also* Fed. R. Civ. P. 26(b)(1)–(2). Pertinent here, Rule 26(b)(1) provides that, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). In turn, Rule 26(b)(2) provides that the Court must limit the frequency or extent of discovery if it determines that, "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Here, the Court finds that leave to depose Plaintiff is appropriate and consistent with Rule 26(b)(1) and (2). Plaintiff claims that Defendant, a correctional officer, "beat Plaintiff all over the face and head with a close [sic] fist." Doc. No. 1 at 2. Plaintiff further alleges that he was neither a threat nor resisting when Defendant "took Plaintiff to the ground" and punched him in the face "5 to 6 times while Plaintiff was completely defenseless." *Id*. at 3. Plaintiff also claims that he was pepper sprayed and offered no type of decontamination. *Id*. Based thereon, Plaintiff alleges violation of his constitutional rights under the Eighth Amendment.

As a witness to the events giving rise to his claims, Plaintiff has direct knowledge of relevant facts. Furthermore, it is not apparent that Plaintiff's deposition is duplicative of any other discovery obtained to date, nor is it unduly burdensome or less convenient than other forms of discovery. In short, Plaintiff's deposition is within the scope of permissible

discovery so long as it is limited to matters relating to the claims and defenses raised in this case.

Accordingly, the Court **GRANTS** the Motion. Pursuant to Rule 30(a), the Court gives Defendant **LEAVE** to depose Plaintiff Kevin Tyrone Izal Hairston on matters relating to the claims and defenses raised in this case. The deposition may be conducted by remote means pursuant to Federal Rule of Civil Procedure 30(b)(4).

**IT IS SO ORDERED.**

Dated: October 7, 2024

Honorable Valerie E. Torres
United States Magistrate Judge