UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN TYRONE IZAL HAIRSTON,<br><br>     Plaintiff,<br><br>v.<br><br>K. JUAREZ,<br><br>     Defendant. | Case No.: 22-cv-01801-BAS-VET<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 51)** |

Before the Court is Defendant's Motion for Summary Judgment ("Motion"). (ECF No. 51.) Plaintiff Kevin Hairston ("Plaintiff"), a prisoner proceeding pro se, does not oppose the Motion. (ECF No. 53.) For the reasons detailed below, the Court **GRANTS** the Motion (ECF No. 51).

I. FACTUAL BACKGROUND

On August 22, 2022, while housed at Richard J. Donovan Correction Facility, Plaintiff broke free from an escort and rushed towards Defendant K. Juarez ("Defendant") with a flying kick, hitting him in the knee. (ECF No. 51 at 6.) Plaintiff continued to attack Defendant, eventually knocking him off balance. (*Id*. at 6–7.) At the same time, a non-party officer used pepper spray, spraying both Plaintiff and Defendant. (*Id*. at 7.) Defendant then wrapped his arms around Plaintiff and forced him to the ground. (*Id*.)

While on the ground, Plaintiff continued to resist by kicking and thrusting his body, despite repeated instructions to stop resisting. (*Id.*)

During the encounter, Defendant punched Plaintiff in the face three separate times. (ECF No. 51 at 7.) Defendant describes the punches as a "distraction strike," and contends that each time, he was aiming for Plaintiff's upper chest but inadvertently struck Plaintiff's face because Plaintiff was thrusting his body and resisting by kicking his feet. (*Id.*) During this sequence of events, several officers gave Plaintiff loud and clear instructions to stop resisting. (*Id.*) Plaintiff stopped resisting only after Defendant was able to apply leg restraints. (ECF No. 51 at 7–8.) Officers removed Plaintiff from the area and placed him in a holding cell in a climate-controlled area to relieve the effects of the pepper spray. (*Id.* at 8.) Defendant alleges that he suffered the following injuries: (1) swelling and throbbing pain to his third finger; (2) abrasions and pain to both knees; (3) swelling to his inside upper lip; (4) pepper spray to right side of his chest/head area; and (5) lower back pain and stiffness. (*Id.*)

Plaintiff asserts a claim under 42 U.S.C. § 1983 for alleged violation of the Eighth Amendment based on excessive force. (ECF No. 8 at 3.) Plaintiff contends that Defendant punched him in the face multiple times, while Plaintiff was lying down, completely defenseless, and no longer a threat.[1] (*Id.*)

On April 18, 2025, Defendant filed the instant Motion, arguing that Plaintiff cannot meet his burden of proof of showing that Defendant used excessive force. (ECF No. 51.) Defendant further contends that Defendant's use of force was appropriate given Plaintiff's physical attack. (*Id.* at 11–14.) Finally, Defendant claims he is entitled to qualified immunity against Plaintiff's excessive force claim. (*Id.* at 6, 12.) Plaintiff filed a Notice of Non-Opposition on May 2, 2025. (ECF No. 53.)

---

[1] Plaintiff also alleges that he was left in a room with no medical attention after being pepper-sprayed, which left him unable to breathe while experiencing a burning sensation. ECF No. 8 at 3. However, there is no dispute that Defendant *is not* the officer who pepper-sprayed Plaintiff.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56, the Court may enter judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy, and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is appropriate when the pleadings, discovery, and affidavits show there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material when it affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of demonstrating an absence of genuine issues of material fact. *Celotex Corp.*, 477 U.S. at 323. The moving party satisfies this initial burden in two ways: "(1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial." *Montgomery v. Wal-Mart Stores, Inc.*, No. 12-cv-3057-AJB (DHB), 2015 U.S. Dist. LEXIS 185217, at *3 (S.D. Cal. Oct. 20, 2015). If the moving party fails to meet this initial burden, summary judgment must be denied, and the court need not consider the nonmoving party's evidence. *Celotex Corp.*, 477 U.S. at 332.

If the moving party establishes the absence of genuine issues of material fact, then the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. Courts view the record in the light most favorable to the nonmovant, "so long as their version of the facts is not blatantly contradicted by the video evidence." *See Vos v. City of Newport Beach*, 892 F.3d 1024, 1028 (9th Cir. 2018). However, "[t]he mere existence of video footage of the incident does not foreclose a genuine factual dispute as to the reasonable inferences that can be drawn from that footage." *Id.*

The Court does not engage in credibility determinations, weighing of evidence, or drawing of legitimate inferences from the facts; these functions are reserved for the trier of fact. *Anderson*, 477 U.S. at 255. Further, a nonmovant's bare assertions, standing alone,

are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Id.* at 247–48.

## III. DISCUSSION

"In excessive force cases brought under the Eighth Amendment, the relevant inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hughes v. Rodriguez*, 31 F.4th 1211, 1221 (9th Cir. 2022) (internal quotation marks omitted) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)); *see also Whitley v. Albers*, 475 U.S. 312, 320 (1986). To determine whether force was "malicious and sadistic," the Ninth Circuit applies the following five-factor test referred to as the *Hudson* factors: "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of the forceful response." *Hughes*, 31 F.4th at 1221 (quoting *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013)). Courts accord wide-ranging deference to prison administrators in the exercise of policies and practices that in their judgment are needed to preserve internal security, safety and discipline. *Whitley*, 475 U.S. at 321–22.

In support of the contention that his use of force was reasonable and not excessive, Defendant offers, in part, his sworn declaration, Plaintiff's deposition testimony, and video footage of the incident generated by the correctional facility's Audio-Visual System Surveillance ("AVSS") and a Body Worn Camera ("BWC"). *See* ECF Nos. 51-2 at Ex. A, Depo. of Kevin Hairston, dated Mar. 4, 2025 ("Hairston Depo.");[2] 51-3, Decl. of K. Juarez ("Juarez Decl."); 51-4, Decl. of E. Taboada at Exs. A ("AVSS Video") and B ("BWC

---

[2] Plaintiff's deposition is attached as Exhibit A to the Declaration of S. Gray Gilmore. *See* ECF No. 51-2.

Video").³  In response, Plaintiff does not dispute any of Defendant's evidence or otherwise oppose the Motion.  (*See* ECF No. 53.)  Therefore, because the Motion is unopposed, the Court considers all properly supported facts asserted by Defendant as undisputed.  *See* Fed. R. Civ. P. 56(e)(2) (if a party fails to properly address another party's assertion of fact, the court may consider the fact undisputed for purposes of the motion); *see also Hartford Fire Ins. Co. v. NBC Gen. Contractors Corp.*, No. C 09-5363 SBA, 2013 U.S. Dist. LEXIS 25629, at *8 (N.D. Cal. Feb. 22, 2013) (considering all properly supported facts as undisputed because motion was unopposed).

Here, the undisputed evidence shows that Defendant was acting in response to Plaintiff's initial attack, an unprovoked attack that required seven officers to subdue him. Plaintiff admits to kicking at the officers three or four times, which the AVSS Video confirms.  (*See* AVSS Video; Hairston Depo. at 32:7-19, 43:25, 44:1-3.)  The same video footage and testimony also confirm that Plaintiff initiated the altercation when he broke free while being escorted to medical, ran towards officers, including Defendant, and lunged at them with a "flying kick."  (*See* AVSS Video; Hairston Depo. at 24:6-20; 32:3-9; *see also* Juarez Decl. at ¶ 3.)  Plaintiff's initial kick struck Defendant in the knee/thigh area, and Plaintiff's continued advancement forced Defendant backwards and eventually knocked Defendant off balance.  (*See* AVSS Video; *see also* Juarez Decl. at ¶¶ 3–4.)  And despite repeated commands by prison staff to stop resisting, Plaintiff kept kicking his feet, thrashing his body, and attempting to stand up *after* Defendant forced him to the ground following his initial attack.  (*See* AVSS Video; Juarez Decl. at ¶¶ 4–6; *see also* BWC Video.) The AVSS Video further shows that Defendant delivered the distraction strikes when Defendant was resisting, thrashing on the ground, and refusing to follow commands. (*See* AVSS Video; *see also* Juarez Decl. at ¶¶ 7–8.)  Critically, Plaintiff charged at Defendant and other officers while they were addressing a separate situation with another

---

³   Pursuant to the Court's Order, Defendant lodged, in electronic format, for the Court's review all of the video footage referenced herein. *See* ECF No. 56.

inmate who had manipulated his waist restraints by removing them from his waist and was refusing orders to relinquish the waist restraints. (ECF No. 51-5 at 4.)

Moreover, Hairston suffered what appear to be minor injuries, consisting of pain in his nose (not a broken nose) and "little cuts" inside of his mouth. (Hairston Depo. at 57:12–58:3.) There is no evidence that those injuries required any significant medical care or resulted in lasting injury. (*Id.* at 58:4–10.) To the extent Plaintiff suffered discomfort or pain from being pepper-sprayed, that conduct is not at issue because another a non-party officer is responsible for pepper-spraying Plaintiff, not Defendant. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("Liability under § 1983 must be based on the personal involvement of the defendant.").

Considering the *Hudson* factors, Defendant reasonably perceived a need for the application of force given that Plaintiff broke free from his escort and kicked Defendant and other officers while they were tending to another inmate who had removed his waist restraints. Further, following Plaintiff's initial, unprovoked attack, Defendant applied force only after Plaintiff failed to comply with commands and physically resisted efforts to subdue him. By physically resisting Defendant and other officers, including kicking and thrashing, Plaintiff threatened the safety of Defendant, other correctional officers, and at least one other inmate. Defendant's expert confirms that even while thrashing on the ground, Plaintiff presented a threat given his ability to bite or headbutt officers. (*See* ECF No. 51-6 at 5.) Plaintiff also created an institutional security risk given the presence of a separate inmate who removed his restraints and was similarly resisting directions from officers. Under these circumstances, a need for the application of force existed to effect custody of Plaintiff.

Moreover, Defendant did not intentionally strike Plaintiff in the face. Instead, Defendant used distraction strikes intended to strike Plaintiff in the upper torso/chest area, a technique available to officers trying to defend against an attack and effect custody. (*Id.*) Defendant inadvertently struck Plaintiff in the face because Plaintiff was thrashing on the ground uncontrollably. While those strikes caused Plaintiff pain, specifically pain in his

nose, Plaintiff suffered minor injuries consisting of small cuts that required no medical attention. *See McCoy v. Stratton*, No. 2:12-cv-1137 WBS DB, 2017 U.S. Dist. LEXIS 29940, at *17-18 (E.D. Cal. Mar. 1, 2017) ("The infliction of pain in the course of implementing prison security measures does not amount to cruel and unusual punishment even though it may appear, in hindsight, the degree of force was unreasonable.").

In short, the evidence shows that Defendant struck Plaintiff with distraction blows in a reasonable attempt to effect custody and eliminate the threat and security risk Plaintiff posed. Plaintiff's continued attempts to physically resist demonstrate that Plaintiff was not amenable to verbal orders and that the force at issue was used after other attempts to subdue Plaintiff failed. Defendant's use of force was necessary to restore order following Plaintiff's unprovoked attack and did not result in a wanton and unnecessary infliction of pain. Accordingly, the Court finds that Defendant applied force in a good-faith effort to maintain or restore discipline, and not maliciously and sadistically to cause harm. As such, Defendant meets his initial burden of presenting evidence that negates an essential element of Plaintiff's claim.

The burden now falls to Plaintiff to go beyond the pleadings and demonstrate a dispute of material fact that could lead a jury to find that Defendant used excessive force in response to Plaintiff's attack. Plaintiff introduces no evidence to contest the evidence Defendant presents and thus does not meet his burden of demonstrating a genuine issue of material fact. As a result, Plaintiff cannot establish that Defendant used excessive force in violation of the Eighth Amendment and summary judgement in favor of Defendant is appropriate. *See Montgomery*, 2015 U.S. Dist. LEXIS 185217, at *4 (granting summary judgment when the moving party established the absence of a genuine issue of material fact and Plaintiff filed a statement of non-opposition); *see also Burnett v. Sedillo*, No. 1:16-cv-01672-LJO-GSA-PC, 2018 U.S. Dist. LEXIS 189161, at *2 (E.D. Cal. Nov. 5, 2018) (order adopting Magistrate Judge recommendation to grant summary judgment where Defendant demonstrated that Plaintiff cannot establish a necessary element of claim and Plaintiff filed a statement of non-opposition); *Walashek v. Asbestos Corp.*, No. 14-cv-

1567-BTM (BGS), 2015 U.S. Dist. LEXIS 99712, at *7 (S.D. Cal. July 23, 2015) (granting summary judgment where Defendant's motion established that Plaintiffs have insufficient evidence of an essential element of their case and Plaintiffs filed a notice of non-opposition).

Lastly, Defendant argues that he is entitled to qualified immunity because he did not violate Plaintiff's constitutional rights, and his conduct was objectively reasonable. (ECF No. 51 at 17–18.) The Court declines to address the issue of qualified immunity as it is unnecessary for purposes of ruling on the Motion. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (observing that courts are not required to reach issues that are "unnecessary to the results they reach"); *see also Immigration & Naturalization Serv. v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("[a]s a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach").

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 51). **IT IS HEREBY ORDERED** that judgment be entered in favor of Defendant and against Plaintiff. The Clerk of the Court is **DIRECTED** to close this action.

**IT IS SO ORDERED.**

**DATED: December 9, 2025**

_____
**Hon. Cynthia Bashant, Chief Judge
United States District Court**